FILED
SUPERIOR COURT
OF GUAM

2025 FEB 21 AM 10: 40

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| CHE CHIN HONG,<br><br>                             Plaintiff,<br><br>     vs.<br><br>SUNG HEE HONG,<br><br>                            Defendant,<br><br>     and<br><br>SAIRA PROPERTIES, LLC,<br><br>                            Intervenor. | **CIVIL CASE NO. CV0600-23**<br><br><br>**DECISION AND ORDER DENYING MOTION TO DISMISS** |

Defendant Sung Hee Hong ("Connie") moves to dismiss certain claims in Plaintiff Che Chin Hong's ("Sammi") Complaint under Guam Rules of Civil Procedure 9 and 12(b)(6). Having reviewed the Complaint and the parties' arguments, the Court determines that Sammi has pled fraudulent inducement with the requisite particularity and has adequately stated a claim for Intentional Infliction of Emotional Distress (IIED) should he prevail on his request for rescission of the parties' agreement.

## I.   FACTUAL ALLEGATIONS

According to Sammi's Complaint, Sammi and Connie entered into "Settlement Agreement 1" on April 17, 2019, to settle *People v. Hong,* CF0478-18. Compl. at 3, Ex. B (Oct. 17, 2023). Later, however, Sammi initiated *Hong v. Hong,* CV0965-20, alleging Connie breached Settlement Agreement 1. *Id.* ¶ 8. To settle CV0965-20, Sammi and Connie eventually entered into "Settlement Agreement 2," which contains a general release clause:

ORIGINAL

> The Parties, in order to avoid further litigation and the anticipated high costs associated therewith, and for other good and valuable consideration, now desire to compromise, settle, resolve and dismiss all claims and counterclaims asserted in the Parties' disputes and to release, discharge and terminate any other claims, controversies, causes of action, rights, warranties, liabilities and obligations, including but not limited to attorney's fees, by and against each other with respect to breach of contract, breach of fiduciary duty, fraudulent concealment, financial accounting, unjust enrichment, and other claims and defenses to be raised in the present and future litigation against one and against another, except as provided for hereinbelow."

*Id.,* ¶ 19, Ex. C at 2. Following Settlement Agreement 2, the parties stipulated to dismiss CV0965-20. *Id.,* Ex. B at 6.

Sammi now claims that Connie breached Settlement Agreement 2, and has revived his claims that Connie earlier breached Settlement Agreement 1. *Id.* at 9. He designates his claims for relief as: (I) Breach of Contract – Specific Performance; (II) Breach of Contract – Damages; (III) Rescission Based Upon Fraudulent Inducement; and (IV) Intentional Infliction of Emotional Distress. Connie moves to dismiss the Complaint on the bases that Sammi has not pled fraud with particularity and the IIED claim has been released under Settlement Agreement 2.[1] Connie also challenged Sammi's ability to raise claims relative to Settlement Agreement 1; in response, Sammi conceded that his claims involving Settlement Agreement 1 must be raised in CV0965-20. Pl.'s Opp'n to Def.'s Mot. Dismiss at 2 (Nov. 15, 2024).

## II.   LAW AND ANALYSIS

### A. Sammi has pled Fraudulent Inducement with particularity.

Fraudulent inducement is a subset of fraud that occurs "when the promisor knows what he is signing but his consent is induced by fraud ... and a contract is formed, which, by reason of

---

[1] Connie does not seek dismissal of Sammi's pled claims and remedies for breach of contract regarding Settlement Agreement 2. Mem. P. & A. In Support of Mot. Dismiss at 13 (Oct. 18, 2024).

ORIGINAL

the fraud, is voidable." *Hinesley v. Oakshade Town Center*, 37 Cal. Rptr. 3d 364, 367 (Ct. App. 2005). The elements of fraud are: (1) a misrepresentation, (2) knowledge of falsity (or scienter), (3) intent to defraud to induce reliance, (4) justifiable reliance, and (5) resulting damages." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12.

Guam Rule of Civil Procedure 9(b) requires that when averring fraud, the circumstances constituting fraud must be stated with particularity. To plead fraud with particularity, "what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged" or the "who, what, when, where, and how of the misconduct charged." *Taitano*, 2008 Guam 12 ¶¶ 16, 25.

Sammi has alleged several facts that place Connie on notice of the who, what, when, where and how of the alleged fraud. Sammi has alleged that: (1) Settlement Agreement 2 is a misrepresentation about Connie's intentions to abide by such agreement; (2) Connie knew that she misrepresented her intention; (3) Connie made this misrepresentation to induce Sammi's reliance; (4) Sammi justifiably relied on this misrepresentation and as such fulfilled his obligations in Settlement Agreement 2; and (5) Sammi has suffered resulting damages as a result including dismissing his claims in CV0965-20 with prejudice. Sammi also references Connie's request to make "further promises" before she adheres to Settlement Agreement 2—as an indication relative to Connie's fraudulent intent. Compl. ¶ 31. Finally, Sammi attaches Settlement Agreement 2 to his Complaint, which contains Connie's allegedly fraudulent promises and the date she made these promises.

Connie argues that Sammi has not met this standard regarding his fraudulent inducement claim. She cites *Tenzer v. Superscope, Inc.*, stating that when non-performance of a contract is the basis of a fraudulent inducement claim, "something more than nonperformance is required to

prove the defendant's intent not to perform his promise." 702 P.2d 212, 219 (Cal. 1985). But

*Tenzer* relates to the proof necessary during summary judgment proceedings and when the case's

merits are examined. In contrast, the Court's task here is to examine if the Complaint is

sufficient, not whether Sammi has met his overall burden of proof.

Therefore, construing these allegations and pleadings in the light most favorable to

Sammi, the Court finds that Connie has the information necessary to respond to the claim of

fraudulent inducement.

### B. Sammi has stated a claim for IIED.

As for IIED, Connie argues that in Settlement Agreement 2, Sammi released her from

past and future tort liability, which includes liability for IIED. Connie therefore contends that

the IIED claim must be dismissed.[2] Sammi responds that because Connie has committed

fraudulent conduct, Settlement Agreement 2 is terminated and thus, the releases are also

terminated.

Guam law allows the remedy of rescission to terminate a contract if a party's consent was

obtained through fraud. 18 GCA §§ 89201, 89202. The purpose of rescission is to "restore both

parties to their former position as far as possible and to bring about substantial justice by

adjusting the equities between the parties . . . ." *Eminence Healthcare, Inc. v. Centuri Health

Ventures*, 289 Cal. Rptr. 840, 849 (Ct. App. 2022).

---

[2] Connie generally cites Rule 12(b)(6) as the basis for her motion. Under Rule 12(b)(6), a court may dismiss a case when the complainant fails to state a claim for relief. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov 't of Guam*, 2010 Guam 4 ¶ 14. The Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9).

ORIGINAL

Here, Sammi seeks to rescind Settlement Agreement 2 as an alternative form of relief. If Sammi prevails, the terms contained therein—which contain the releases for tort claims—are likewise extinguished. On the other hand, if Sammi does not prevail on proving rescission, it would then be appropriate to review whether the IIED claim has been released and waived. At present, however, the litigation relative to fraudulent inducement and the applicability of rescission are properly stated and raised for further litigation and eventual disposition.

## III.    <u>CONCLUSION AND ORDER</u>

Taking all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Sammi, the Court finds Sammi has presented sufficient information to withstand Connie's Motion to Dismiss relevant to his claims of IIED and fraudulent inducement. Further, Sammi has conceded his claims regarding Settlement Agreement 1 have been improperly raised in this case. Accordingly, Connie's Motion to Dismiss is DENIED as to Sammi's claims of IIED and Fraudulent Inducement. Moreover, based on Sammi's concession that his claims for relief for a breach of Settlement Agreement 1 must be brought in CV0965-20, all claims relative to a breach of Settlement Agreement 1 are DISMISSED.

A Status Hearing will be held on **March 12, 2025, at 10:20 a.m.**

**SO ORDERED, 21 February 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Plaintiff Che Chin Hong
Joaquin C. Arriola, Jr., Esq., Arriola Law Firm, for Defendant Sung Hee Hong
Leevin T. Camacho, Esq., Camacho & Taitano LLP, for Intervenor Saira Properties, LLC



ORIGINAL